1  Hank Bates (SBN 167688)
   hbates@cbplaw.com
2  CARNEY BATES & PULLIAM, PLLC
   519 W. 7th St.
3  Little Rock, AR, 72201
   Tel. 501-312-8500
4  Fax 501-312-8505

5
   Todd A. Walburg (SBN 213063)
6  twalburg@baileyglasser.com
   BAILEY & GLASSER LLP
7  475 14th Street, Suite 610
   Oakland, CA 94612
8  Telephone: (510) 207-8633

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PHILLIP LEE, and PATTI LEE,
on behalf of themselves and
all others similarly situated,

    Plaintiffs,

v.                                               Case No. _____

FREEDOM MORTGAGE CORPORATION,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

    Plaintiffs Phillip Lee and Patti Lee, on behalf of themselves and all others similarly situated, allege violations of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), violations of the California Unfair Competition Law ("UCL"), and breaches of contract against Freedom Mortgage Corporation ("Defendant" or "FMC").

    1.    Many borrowers in California struggle enough to make their regular mortgage payments without getting charged extra, illegal fees when they try to pay by phone or online ("Pay-

CLASS ACTION COMPLAINT                              CASE NO.: _____

Page **1** of **19**

to-Pay fees"). Federal and state debt collection laws strictly prohibit these charges unless expressly agreed to by the borrower in the mortgage contract, but these Pay-to-Pay fees are found nowhere in any standard deed of trust.  Here, FMC charges borrowers between $10.00–15.00 for making their mortgage payments online or over the phone. On information and belief, only a small fraction of the fee is paid to a third-party payment processor, and FMC collects the remainder as profit.

2. FMC services mortgages across the country and as such is aware that none of the standard loan agreements it services expressly allow Pay-to-Pay fees as a service fee that FMC can charge.

3. Further, Plaintiffs' and putative class members' mortgages are guaranteed by the Federal Housing Administration ("FHA"). FHA rules and regulations, which are incorporated by reference into FHA-insured mortgages, prohibit FHA servicers, such as FMC, from charging any fee to the borrower that is not expressly allowed by Department of Housing and Urban Development ("HUD").  HUD has not authorized the collection of Pay-to-Pay fees. And even for fees that are expressly allowed, FHA rules permit the mortgage servicer to pass along to the borrower only its out-of-pocket costs for providing the services.

4. FMC's practice of charging, collecting, and profiting from Pay-to-Pay fees violates the Rosenthal Fair Debt Collection Practices Act, and therefore the California Unfair Competition Law, and breaches the provisions of FHA-insured mortgages.

**PROCEDURAL NOTE**

5. Plaintiffs attempted to join another action against Defendant pending in the United States District Court for the Eastern District of California that alleges the same violations of California law for Defendant's collection of Pay-to-Pay fees. *Urbina v. Freedom Mortgage Corporation*, 1:19-cv-1471-NONE-JLT. Before filing the motion to join the *Urbina* action, Plaintiffs requested Defendant stipulate to the amendment, including to waive any venue defense

to Plaintiffs' claims in the Eastern District, in an effort to join claims that, for purposes of efficiency, should be litigated together. Defendant declined and filed an opposition the motion.

6. Due to a shortage of judges in the Eastern District, the *Urbina* action is currently unassigned to a district judge. While the case is unassigned, Chief Judge Drozd has taken on the caseloads of three retired judges, in addition to his own caseload. In response to an order Chief Judge Drozd issued asking the parties to reconsider magistrate jurisdiction, the parties filed a stipulation giving limited consent to the magistrate to decide the then-pending motions, which included the motion to amend the complaint to add the Lees' claims. On March 12, 2020, the stipulation was denied, and the court instructed the parties to consider consenting to magistrate jurisdiction for all purposes.

7. That same day, Plaintiffs consented to magistrate jurisdiction for all purposes. On March 15, Plaintiffs asked Defendant to do the same and to waive any venue defense to the Lees' claims so they could be litigated efficiently in one action.

8. Defendant refused.

9. Considering the judicial emergency in the Eastern District, it could conceivably be months before the motion to amend is ruled on. Even then, Defendant might challenge venue.

10. For these reasons, the motion to amend the *Urbina* action to include the Lees' claims has been withdrawn, and the Lees file this action in an indisputably proper venue.

**JURISDICTION AND VENUE**

11. This Court has personal jurisdiction over FMC because it conducts business in California and commits torts in California, as described in this Amended Complaint.

12. As alleged below, minimal diversity exists between the parties in this action. Furthermore, on information and belief, the amount in controversy, exclusive of costs and interest, exceeds $5,000,000.00.

13. FMC is one of the largest mortgage lenders in the United States and, more specifically, one of the largest originators and servicers of FHA-insured mortgages. The Classes in this lawsuit are believed to consist of hundreds of thousands of members. To date, FMC has collected at least $460 in improper Pay-to-Pay fees from the Lees. Thus, the amount in controversy in this action, exclusive of costs and interest, exceeds the amount-in-controversy requirement of 28 U.S.C. § 1332(d).

14. Venue is proper because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## PARTIES

15. Plaintiffs Phillip and Patti Lee are natural persons who are citizens of the State of California and who have a mortgage loan that is serviced by FMC on their home located in Salinas, Monterey County, California.

16. Defendant Freedom Mortgage Corporation is a corporation with a principal place of business in Mount Laurel, New Jersey. Defendant is one of the nation's leading mortgage lending and servicing companies.

## APPLICABLE LAW

**ROSENTHAL ACT**

17. The purpose of the Rosenthal Fair Debt Collection Practices Act, located at Cal. Civ. Code § 1788 *et seq.*, is to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts[.]" Cal. Civ. Code § 1788.1(b). The Rosenthal Act is "a remedial statute [that] should be interpreted broadly in order to effectuate its purpose." *See People ex rel. Lungren v. Superior Court,* 14 Cal. 4th 294, 313, 58 Cal. Rptr. 2d 855, 926 P.2d 1042 (Cal. 1996) ("[C]ivil statutes for the protection of the public are, generally, broadly construed

CLASS ACTION COMPLAINT                                                  CASE NO.: _____

Page **4** of **19**

in favor of that protective purpose."); *Komarova v. National Credit Acceptance, Inc.*, 95 Cal. Rptr. 3d 880, 892, 175 Cal. App. 4th 324, 340 (Cal. App. 1 Dist. 2009).

18. The Rosenthal Act defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of that person or others, engages in debt collection." Cal. Civ. Code §1788.2(c).

19. The Rosenthal Act defines a "consumer debt" as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." Cal. Civ. Code §1788.2(f).

20. The Rosenthal Act defines "consumer credit transaction" as "a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." Cal. Civ. Code §1788.2(e).

21. The Rosenthal Act makes it illegal for any entity covered by it to engage in conduct prohibited by provisions of the Fair Debt Collection Practices Act ("FDCPA"). Cal. Civ. Code § 1788.17.

22. Relevant here is the prohibition on employing "unfair or unconscionable means to collect or attempt to collect any debt," including "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

23. Such prohibited conduct further includes making "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any debt." *Id.* at § 1692e.

CLASS ACTION COMPLAINT                                    CASE NO.: _____

Page **5** of **19**

24. FMC's past and ongoing collections and attempted collections of Pay-to-Pay fees violate the Rosenthal Act.

**THE UNFAIR COMPETITION LAW**

25. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice. Cal. Bus. & Prof. Code § 17200.

26. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

27. Thus, FMC's violations of the Rosenthal Act and applicable HUD regulations are "unlawful" acts actionable under the UCL.

**FHA SERVICING RULES**

28. The Federal Housing Administration, an agency within the United States Department of Housing and Urban Development ("HUD"), "provides mortgage insurance on loans made by FHA-approved lenders throughout the United States and its territories."[1] The FHA "is one of the largest insurers of mortgages in the world, insuring more than 46 million mortgages since its inception in 1934."[2]

29. The FHA provides incentives to private lenders to make loans to would-be homebuyers whose creditworthiness and inability to contribute a significant down payment make it difficult for them to obtain a home loan on reasonable terms.

---

[1] HUD.gov – The Federal Housing Administration, https://www.hud.gov/program_offices/housing/fhahistory (last visited on March 16, 2020).
[2] *Id.*

CLASS ACTION COMPLAINT                           CASE NO.: _____

Page **6** of **19**

30. To achieve that goal, "FHA mortgage insurance provides lenders with protection against losses if a property owner defaults on their mortgage. The lenders bear less risk because FHA will pay a claim to the lender for the unpaid principal balance of a defaulted mortgage."[3]

31. The FHA restricts who can make and service FHA loans. "Only FHA-approved Mortgagees may service FHA-insured Mortgages," and those "Mortgagees may service Mortgages they hold or that are held by other FHA-approved Mortgagees." Ex. C at 3, § III.A.1.

32. FMC is an FHA-approved Mortgagee.

33. As an FHA-approved Mortgagee, during the Class Period, FMC has "acknowledge[d] that the Mortgagee is now, and was at all times throughout the Certification Period, subject to all applicable HUD regulations, Handbooks, Guidebooks, Mortgagee Letters, Title I Letters, policies and requirements, as well as Fair Housing regulations and laws including but not limited to 24 CFR § 5.105, Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act) and Title VI of the Civil Rights Act of 1964."[4]

34. HUD regulations provide that a "mortgagee may collect reasonable and customary fees and charges from the mortgagor . . . **only as provided below**." 24 C.F.R. § 203.552(a) (emphasis added).

35. A subsection of the regulation provides that the mortgagee may collect "[s]uch other reasonable and customary charges as may be authorized by the Secretary." *Id.* at § 203.552(a)(12).

36. The Secretary publishes additional authorized fees and charges in the *FHA Single-Family Policy Handbook*. *See,* Handbook 4000.1: *FHA Single-Family Housing Policy Handbook*,

---

[3] *Id.*
[4] *See*, FHA Lender Annual Certifications: Supervised and Nonsupervised Mortgagees, Changes Implemented 8/1/2016, https://www.hud.gov/sites/documents/SFH_COMP_SUPERNONSUPER.PDF (last visited on March 16, 2020).

CLASS ACTION COMPLAINT                                    CASE NO.: _____

Page **7** of **19**

https://www.hud.gov/sites/dfiles/OCHCO/documents/4000.1hsgh.pdf (last accessed by counsel on March 16, 2020) (the "FHA Handbook").

37. The FHA Handbook "is a consolidated, consistent, and comprehensive source of FHA Single Family Housing policy" that consolidates "[h]undreds of FHA Handbooks, Mortgagee Letters, Housing Notices, and other policy documents[.]"[5]

38. In the FHA Handbook, HUD makes clear "[t]he Mortgagee must fully comply with all of the following standards and procedures when servicing a Mortgage insured by the Federal Housing Administration[.]" Ex. C at 3, § III.A.

39. These mandatory restrictions include limits on the types and amounts of fees and charges an FHA-approved Mortgagee may collect from a borrower.

40. These provisions are incorporated by reference into the uniform covenants of FHA-insured mortgages.

41. In one such uniform covenant, the parties to the mortgage agree that "Lender may collect fees and charges *authorized* by the Secretary [of Housing and Urban Development]." Ex. A at ¶ 8 (emphasis added).

42. This provision incorporates by reference HUD's limits on allowable fees.

43. In a section entitled "Servicing Fees and Charges," the FHA Handbook establishes what fees and charges authorized by the HUD. Ex. C at 5, § III.A.1.f.

44. Specifically, the HUD Handbook defines "Allowable Fees and Charges a[s] those costs associated with the servicing of the Mortgage that are permitted to be charged to the

---

[5] United States Department of Housing and Urban Development, *Single Family Housing Policy Handbook 4000.1: SF Handbook Information Page*, https://www.hud.gov/program_offices/housing/sfh/handbook_4000-1 (last accessed by counsel on March 16, 2020).

CLASS ACTION COMPLAINT                                    CASE NO.: _____

Page **8** of **19**

Borrower," and defines "Prohibited Fees and Charges a[s] those costs associated with the servicing of the Mortgage that may not be charged to the Borrower." *Id.* at 5, § III.A.1.f.i.

45. HUD permits FHA-approved Mortgagees to "collect certain reasonable and customary fees and charges from the Borrower after the Mortgage is insured and as ***authorized*** by HUD below." *Id.*, at § III.A.1.f.ii.(A) (emphasis added).

46. A fee or charge is authorized if it meets three specific criteria: the fee or charge "must be" (a) "reasonable and customary for the local jurisdiction"; (2) "based on actual cost of the work performed or actual out-of-pocket expenses and not a percentage of either the face amount or the unpaid principal balance of the Mortgage"; ***and*** (c) "within the maximum amount allowed by HUD." *Id.* at 5–6, § III.A.1.f.ii.(A) (emphasis added).

47. Appendix 3.0 of the FHA Handbook contains an exhaustive list of the servicing fees and charges authorized by HUD and the maximum amounts that may be charged for such fees.[6]

48. Pay-to-Pay fees are not on that list.

49. In the absence of HUD authorization, FHA-approved Mortgagees are prohibited by contract from collecting fees and charges associated with servicing an FHA-insured mortgage.

50. Instead, if an FHA-approved Mortgagee wants authorization to collect additional fees and charges, it "may request approval . . . for any fee, charge, or unusual service not specifically mentioned in this *SF Handbook*." *Id.* at 6, § III.A.1.f.ii.(B).

51. If the fee or charge is approved, "[t]he Homeownership Center (HOC) will determine the maximum amount of any fee based on what is reasonable and customary in the area." *Id.*

---

[6] In the PDF version of the FHA Handbook, the term "maximum amount allowed by HUD" contains a hyperlink that, when clicked, brings the reader to Appendix 3.0.

CLASS ACTION COMPLAINT                              CASE NO.: _____

Page **9** of **19**

52. Because Pay-to-Pay fees do not appear on the list of servicing fees and charges and have not been assigned a "maximum amount allowed" based on what HUD deems "reasonable and customary in the area," FHA-approved Mortgagees are prohibited by contract from collecting them from the FHA borrower.

53. Moreover, even were an FHA-approved Mortgagee to receive authorization to charge a Pay-to-Pay fee, the charge to the borrower must still be "based on actual cost of the work performed or actual out-of-pocket expenses"—in short, the servicer cannot collect such fees to create a profit center. *Id.*, at 6, § III.A.1.f.ii.(A).

54. Based upon information and belief, the Pay-to-Pay fees that FMC charges borrowers exceed its out-of-pocket costs by several hundred percent, and thus would violate mandatory HUD servicing rules that are incorporated into all FHA-insured mortgages even if they were authorized, which they are not.

**FACTUAL ALLEGATIONS**

55. On or around August 8, 2014, Plaintiffs Phillip and Patti Lee executed a Deed of Trust to purchase their home in California. Ex. A.

56. On or around November 10, 2015, the Lees refinanced their home loan with Freedom Mortgage. Ex. B.

57. Since at least November of 2016, FMC has collected Pay-to-Pay fees from the Lees ranging from $10.00–$15.00.

58. Those fees are not expressly authorized by the Lees' Deed of Trust or the Loan Modification, which provides that "[a]ll covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified[.]" *Id.* at ¶ 5(b).

CLASS ACTION COMPLAINT                                    CASE NO.: _____

Page **10** of **19**

59. No term in the Lees' Deed of Trust or Loan Modification authorizes FMC to collect Pay-to-Pay fees.

60. On information and belief, which can be confirmed by an examination of Defendant's records, FMC pays a third party significantly less than it charges borrowers to process online and phone payment transactions ("Pay-to-Pay transactions").

61. FMC's collection of Pay-to-Pay fees is a breach of the Deed of Trust, which does not delineate Pay-to-Pay fees as one of the many charges that the lender, or loan servicer acting on behalf of the lender, may charge. There is simply no provision in the mortgage that allows FMC to collect Pay-to-Pay fees.

62. Indeed, Pay-to-Pay fees are prohibited by the Plaintiffs' Deed of Trust, which permits FMC to "collect fees and charges authorized by the Secretary [of Housing and Urban Development]." Ex. A at 5, ¶ 8.

63. As alleged above, HUD rules do not permit collecting Pay-to-Pay fees. Even if such fees were allowed, HUD rules permit passing along to borrowers only the lender's actual costs for offering the service. By collecting, and profiting from, Pay-to-Pay fees, FMC breached uniform covenants in Plaintiffs' Deeds of Trust.

64. FMC's collection of Pay-to-Pay fees is also a direct breach of Paragraph 14 of the Deed of Trust: "This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located." *Id.* at 6, ¶ 14. FMC's collection of Pay-to-Pay fees violated the Rosenthal Act and HUD regulations.

65. By violating these provisions of its form contract, FMC has breached its contract on a class-wide basis.

## CLASS REPRESENTATION ALLEGATIONS

CLASS ACTION COMPLAINT                                CASE NO.: _____

Page **11** of **19**

66. Plaintiffs bring this action under Fed. R. Civ. P. 23(b)(3) on behalf of the following classes of persons, subject to modification after discovery and case development:

**The Rosenthal Act Class**

All persons with a California address who paid a fee to FMC for making a loan payment by telephone, IVR, or the internet during the applicable statutes of limitations for Plaintiffs' claims through the date a class is certified.

**The FHA Pay-to-Pay Class**

All persons in the United States (1) with an FHA-insured mortgage (2) on a property in the state of California, (3) originated or serviced by FMC (4) who were charged one or more Pay-to-Pay fee and (5) whose mortgages provide the "Lender may collect fees or charges authorized by the Secretary," or language substantially similar.

67. Members of the Classes are identifiable through Defendant's records and payment databases.

68. Excluded from the Classes are the Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

69. Plaintiffs Phillip Lee and Patti Lee propose that they serve as representatives of the Classes.

70. Plaintiffs and members of the Classes have all been harmed by the actions of Defendant.

71. Numerosity is satisfied. According to FMC's servicing records there are likely thousands of members of the Classes. Individual joinder of these persons is impracticable.

72. There are questions of law and fact common to Plaintiffs and to the Classes, including, but not limited to:

   a. Whether FMC violated the Rosenthal Act by charging Pay-to-Pay fees not due;

CLASS ACTION COMPLAINT                           CASE NO.: _____

Page **12** of **19**

    b. Whether FMC violated general provisions of the California Unfair Practices Act (Cal. Bus. & Prof. Code § 17000 *et. seq.*) by charging Pay-to-Pay fees not due;

    c. Whether FMC breached its Deeds of Trust by charging Pay-to-Pay fees not due;

    d. Whether FMC violated HUD regulations by collecting Pay-to-Pay fees;

    e. Whether FMC violated FHA servicing requirements by charging Pay-to-Pay fees;

    f. Whether FMC's costs for Pay-to-Pay transactions are less than the amount it charged to Plaintiffs and Class members for Pay-to-Pay fees;

    g. Whether Plaintiffs and Class members are entitled to actual damages as a result of Defendant's actions;

    h. Whether Plaintiffs and Class members are entitled to an injunction and restitution; and

    i. Whether Plaintiffs and Class members are entitled to attorney's fees and costs.

73. Plaintiffs' claims are typical of the claims of members of the Classes. FMC charged Plaintiffs Pay-to-Pay fees in the same manner as the Class members. FMC entered into a contract with a third party to process the Plaintiffs' and Class members' Pay-to-Pay transactions. Plaintiffs and members of the Classes entered into uniform covenants in their Deeds of Trust that prohibit Pay-to-Pay fees. Alternatively, if FMC is allowed under the Deed of Trusts to charge for Pay-to-Pay transactions as a default-related fee, such amounts are capped for Plaintiffs and members of the Classes at the actual amounts disbursed by FMC for processing the Pay-to-Pay transactions.

74. Plaintiffs are adequate representatives of the Classes because their interests do not conflict with the interests of the members the Classes, and they will fairly and adequately protect the interests of the Classes. Plaintiffs have taken actions before filing this complaint, by hiring skilled and experienced counsel, and by making a pre-suit demand, as necessary, on behalf of Class members to protect the interests of the class.

CLASS ACTION COMPLAINT                                CASE NO.: _____

75. Plaintiffs have hired counsel that is skilled and experienced in class actions and is adequate class counsel capable of protecting the interests of the Classes.

76. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

77. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

**COUNT I: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT § CAL. CIV. CODE §§ 1788 *et seq***
**(On behalf of the Rosenthal Act Class)**

78. Plaintiffs incorporate by reference paragraphs 1 through 77.

79. The Rosenthal Act applies to FMC because it regularly engages in debt collection within California. Cal. Civ. Code § 1788.2(c).

80. Plaintiffs Phillip and Patti Lee purchased their home by residential mortgage for personal, family or household use and are persons who incurred a consumer debt. Cal. Civ. Code § 1788.2(e), (f).

81. By collecting Pay-to-Pay fees from Plaintiffs and class members, FMC collected an amount incidental to the principal obligation without the amount being expressly stated in the underlying loan agreement.

82. The Rosenthal Act makes it illegal for any entity covered by it to engage in conduct prohibited by the FDCPA. Cal. Civ. Code § 1788.17. By engaging in such prohibited conduct, FMC violated the Rosenthal Act.

83. Moreover, by collecting and attempting to collect Pay-to-Pay fees that were not otherwise permitted by law from Plaintiffs and class members, FMC violated the Rosenthal Act's prohibition against "(b) Collecting or attempting to collect from the debtor the whole or any part

CLASS ACTION COMPLAINT                              CASE NO.: _____

Page **14** of **19**

of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law." Cal. Civ. Code § 1788.14.

84. By assessing Pay-to-Pay fees, FMC represented to Plaintiffs and class members that their debts may be increased by the addition of the Pay-to-Pay fees, even though Pay-to-Pay fees may not be legally added to the existing obligation. These representations violated the Rosenthal Act's prohibition against representing that a consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not legally be added to the existing obligation." Cal. Civ. Code § 1788.13(e).

85. FMC violated the Rosenthal Act because it retains for itself a portion of the Pay-to-Pay fees it collects from California borrowers.

86. As a result of each and every violation of the Rosenthal Act, Plaintiffs Phillip and Patti Lee and members of the Rosenthal Act Class are entitled to recover from FMC any actual damages pursuant to Cal. Civ. Code § 1788.30(a), and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

**COUNT II: VIOLATION OF THE "UNLAWFUL" PRONG OF THE CALIFORNIA UNFAIR PRACTICES ACT § 17200 *et. seq.* ("UCL")**
**(On behalf of both Classes)**

87. Plaintiffs incorporate by reference paragraphs 1 through 86.

88. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice. Cal. Bus. & Prof. Code § 17200.

89. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

90. The Rosenthal Act applies to FMC because it regularly engages in debt collection within California. Cal. Civ. Code § 1788.2(c).

CLASS ACTION COMPLAINT                    CASE NO.: _____

91. Plaintiffs purchased their homes by residential mortgage for personal, family, or household use and are persons who incurred a consumer debt. Cal. Civ. Code § 1788.2(e), (f).

92. By collecting Pay-to-Pay fees from Plaintiffs and Class members, FMC collected an amount incidental to the principal obligation without the amount being expressly stated in the underlying loan agreement, in violation of the Rosenthal Act.

93. The Rosenthal Act makes it illegal for any entity covered by it to engage in conduct prohibited by the federal FDCPA. Cal. Civ. Code § 1788.17. By engaging in such conduct, FMC violated the Rosenthal Act.

94. Moreover, by collecting and attempting to collect Pay-to-Pay fees that were not otherwise permitted by law from Plaintiffs and Class members, FMC violated the Rosenthal Act's prohibition against "[c]ollecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law." Cal. Civ. Code § 1788.14(b).

95. By assessing Pay-to-Pay fees, FMC represented to Plaintiffs and Class members that their debts may be increased by the addition of the Pay-to-Pay fees, even though Pay-to-Pay fees may not be legally added to the existing obligation. These representations violated the Rosenthal Act's prohibition against representing that a consumer debt "may be increased by the addition of . . . charges if, in fact, such fees or charges may not legally be added to the existing obligation." Cal. Civ. Code § 1788.13(e).

96. FMC violated the Rosenthal Act because it retains for itself a portion of the Pay-to-Pay fees it collects from California borrowers.

97. As described in detail above, FMC's conduct described herein violates the Rosenthal Act. These violations are sufficient to support Plaintiffs' claim under the "unlawful" prong of the UCL.

98. Additionally, because the Secretary of Housing and Urban Development has not authorized Pay-to-Pay fees, FMC has violated 24 C.F.R. § 203.552(a)(12) with respect to borrowers with FHA-insured mortgage.

99. FMC's violations of this regulation, too, are actionable under the "unlawful" prong of the UCL.

100. Through its ongoing unlawful acts and practices, FMC has improperly obtained, and continues to improperly obtain, money from Plaintiffs and the Class members. As such, Plaintiffs request that the Court cause FMC to restore the money for Pay-to-Pay fees Plaintiffs and members of the Classes paid to FMC and to enjoin FMC from continuing its unlawful practices in the future. Otherwise, Plaintiffs and the Class members may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**COUNT III: BREACH OF CONTRACT**
**(On behalf of the FHA Pay-to-Pay Class)**

101. Plaintiffs incorporate by reference paragraphs 1 through 100.

102. On or about August 8, 2014, FMC and the Lees entered into a Deed of Trust with respect to their home.

103. FMC's collection of Pay-to-Pay fees violates servicing rules for FHA-insured loans, which are incorporated by reference in Paragraph 8 of the Lees' standard FHA-insured Deed of Trust. HUD rules prohibit charging Pay-to-Pay fees.

104. Even if such fees were permitted, which they are not, HUD rules would limit FMC to passing along only their out-of-pocket costs for providing such services. FMC's collecting, and profiting from, Pay-to-Pay fees breaches Plaintiffs' standard FHA-insured Deed of Trust.

CLASS ACTION COMPLAINT                    CASE NO.: _____

Moreover, FMC's collection of Pay-to-Pay fees is a direct breach of Paragraph 14 of the Lees' Deed of Trust: "This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located." Ex. A, ¶ 14. As pleaded above, the Rosenthal Act prohibits the collection of any amount incidental to the principle obligation unless that amount is *expressly* stated in the loan agreement. FMC's collection of Pay-to-Pay fees violated the Rosenthal Act.

105. Because these provisions are contained in the "Uniform Covenants" section, FMC has breached its contract on a class-wide basis.

106. The Plaintiffs and members of the FHA Pay-to-Pay Class have been harmed by these breaches in that they have paid fees that FMC was prohibited from collecting.

**JURY DEMAND AND RESERVATION OF PUNITIVE DAMAGES**

107. Plaintiffs are entitled to and respectfully demand a trial by jury on all issues so triable.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs Phillip Lee and Patti Lee respectfully request this Court enter judgment against Defendant and order the following:

a. That the Court certify the classes as defined herein and appoint Plaintiffs as Class Representatives and Plaintiffs' counsel as class counsel;

b. That Plaintiffs and all Class members be awarded actual damages, including but not limited to all fees improperly charged, and forgiveness of all amounts not properly owed;

c. That FMC restore to the Plaintiffs and all Class members monies it improperly collected in Pay-to-Pay fees;

CLASS ACTION COMPLAINT                    CASE NO.: _____

  d. That the Court enjoin Defendant from further violations of California law by charging illegal Pay-to-Pay fees to Plaintiffs, Class members, and the public;

  e. That Plaintiffs and Class members be awarded costs and attorney's fees;

  f. That the Court enter an order that Defendant and its agents, or anyone acting on its behalf, are immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

  g. That the Court certify the Plaintiffs' claims and all other persons similarly situated as class action claims under Fed. R. Civ. P. 23, appoint Plaintiffs as representatives of the Classes, and appoint their counsel as class counsel; and

  h. Such other and further relief as the Court may deem just and proper.

Dated: March 20, 2020      Respectfully Submitted,

*/s/ Hank Bates*
Hank Bates (SBN 167688)
hbates@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR, 72201
Tel. 501-312-8500
Fax 501-312-8505

Todd A. Walburg (SBN 213063)
twalburg@baileyglasser.com
BAILEY & GLASSER LLP
475 14th Street, Suite 610
Oakland, CA 94612
Telephone: (510) 207-8633

CLASS ACTION COMPLAINT     CASE NO.: _____

Page **19** of **19**